DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICIA MURRAY | ) | D.C. APP. CIV. NO. 2004-96 |
| | ) | |
| | ) | RE: BANKR NO. 1:01-0014 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | D.C. APP. CIV. NO. 2004-100 |
| NATIONAL ENTERPRISES OF ST. CROIX, INC., | ) ) | |
| | ) | RE: BANKR NO. 1:01-0019 |
| Debtor. | ) ) | |

**Attorneys:**
**Paul A. Covell, Esq.,**
St. Croix, U.S.V.I.
    *For the Appellants/Debtors*

**Chad C. Messier, Esq.,**
St. Thomas, U.S.V.I.
    *For Appellees/Defendants American Airlines, Inc.*
     *and Executive Airlines, Inc. d/b/a*
     *American Eagle*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Appellees/Defendants American Airlines, Inc. and Executive Airlines, Inc.'s ("Appellees") Motions to Dismiss Appeals ("Motions to Dismiss") (3:04-cv-0096, Dkt. No. 38) and (3:04-cv-0100, Dkt. No. 37), filed in the above-captioned cases; Appellants/Debtors' ("Appellants") Oppositions thereto (3:04-cv-0096, Dkt. No. 39) and (3:04-

cv-0100, Dkt. No. 38); and Appellees' Replies (3:04-cv-0096, Dkt. No. 40) and (3:04-cv-0100, Dkt. No. 39). For the reasons discussed below, the Court will grant the Motions to Dismiss.

I. BACKGROUND

National Enterprises of St. Croix, Inc. ("National Enterprises") and Patricia and Antoine Murray ("Appellants") brought the instant bankruptcy appeals. National Enterprises operated as a travel agency and was owned and operated by Patricia and Antoine Murry. In March 2001, Appellants filed a civil lawsuit (1:01-cv-0057) against Appellees American Airlines, Inc., and Executive Airlines, Inc., alleging that Appellees' decision to discontinue National Enterprises' ability to issue tickets constituted tortious interference with business. Shortly thereafter, on June 8, 2001, the Murrays commenced bankruptcy proceedings in the Bankruptcy Division of this Court, and National Enterprises did the same on July 20, 2001.

As a result of the bankruptcy filings, the civil lawsuit against Appellees became property of the Appellants' respective bankruptcy estates. Throughout the pendency of those bankruptcy cases, the Trustees appointed by the Bankruptcy Court—charged with managing the property of the bankruptcy estates—attempted to settle the civil lawsuit and eventually succeeded. On April 6, 2004, Appellees moved the Bankruptcy Court for approval of a proposed settlement agreement with the then-serving Trustee, John Ellis, in which Ellis agreed to settle the claims in the lawsuit against Appellees for $6,100.00.

The Murrays and National Enterprises opposed the Trustee's motion, and after a hearing on May 26, 2004, the Bankruptcy Court decided on June 2, 2004 to permit Appellants to purchase the rights to the civil lawsuit against Appellees for $6,100, if done within ten (10) days of the Bankruptcy Court's Order. Alternatively, if Appellants failed to purchase the rights to the civil lawsuit, the settlement agreement between Trustee Ellis and Appellees would be approved.

Appellants did not deliver $6,100 to Trustee Ellis during the time period set forth in the Bankruptcy Court's June 2, 2004 Order, and Trustee Ellis and Appellees then consummated the agreement by exchanging settlement funds on June 18, 2004. On June 21, 2004, the Trustee, on behalf of National Enterprises and the Murrays' bankruptcy estates, filed a stipulation of dismissal with prejudice in the civil lawsuit (1:01-cv-0057, Dkt. No. 32), which was entered by Order of the Magistrate Judge on June 22, 2004. (1:01-cv-0057, Dkt. No. 33).

Contemporaneously, on June 21, 2004, Appellants filed motions to extend the deadline to pay the Trustee for the rights to the civil lawsuit and to compel the Trustee to accept the payment of $6,100 from Appellants. The Bankruptcy Court denied these motions, and by Orders dated June 22, 2004 (1:01-bk-0019, Dkt. No. 223; 1:01-bk-0014, Dkt. No. 268) approved the settlement between the Trustee and Appellees. The next day Appellants filed motions for reconsideration of the Bankruptcy Court's Orders approving the settlement, which the Bankruptcy Court denied by Orders filed July 16, 2004. (1:01-bk-00019, Dkt. No. 245; 1:01-bk-00014, Dkt. No. 291). National Enterprises and the Murrays then appealed the Bankruptcy Court's Orders of July 16, 2004 to this Court. On September 7, 2006 and September 8, 2006, National Enterprises' and the Murrays' bankruptcy cases were closed. Antoine Murray passed away on May 24, 2014 and is no longer a named party in these appeals. (3:04-cv-0096, Dkt. No. 39 at 1; 3:04-cv-0100, Dkt. No. 38 at 1).

As a separate matter, on November 29, 2011 the AMR Corporation and its subsidiaries and affiliates, including Appellees, each filed voluntary Chapter 11 bankruptcy actions in the United States Bankruptcy Court for the Southern District of New York ("S.D.N.Y. Bankruptcy Court"), which were jointly administered. As part of that process, on December 1, 2011 Appellees filed a "Notice of Suggestion of Bankruptcy" in the instant appeals (3:04-cv-0096, Dkt. No. 36; 3:04-cv-0100, Dkt. No. 35). For the AMR Corporation and Appellees' Chapter 11 bankruptcy, the

S.D.N.Y. Bankruptcy Court established July 16, 2012 as the deadline for creditors to file proofs of claim based on prepetition liabilities against the Debtors. (3:04-cv-0096, Dkt. No. 38-1 at 1; 3:04-cv-0100, Dkt. No. 37-1 at 1). By Order of the S.D.N.Y Bankruptcy Court, any holder of a claim[1] who fails to timely file a proof of claim "will be forever barred from asserting such claim against the Debtors and their Chapter 11 Estates . . . ." (3:04-cv-0096, Dkt. No. 38-1 at 16-17; No. 3:04-cv-0100, Dkt. No. 37-1 at 16-17). A Bar Date Notice and Proof of Claim Form were mailed to Appellants and Appellant's counsel. (3:04-cv-0096, Dkt. Nos. 38 at 6, 38-2 at 1-3, 20-21; 3:04-cv-0100, Dkt. Nos. 37 at 6, 37-2 at 1-3, 20-21). Appellants did not file a proof of claim in Appellees' Chapter 11 Bankruptcy in the Southern District of New York. (3:04-cv-0096, Dkt. No. 38 at 6; 3:04-cv-0100, Dkt. No. 37 at 6).

Regarding the subsequent history of the civil lawsuit, on June 29, 2004, Appellants filed a motion to reopen the case, which the Magistrate Judge denied on August 4, 2004. (1:01-cv-0057, Dkt. No. 45). On August 11, 2004, Appellants appealed the Magistrate Judge's dismissal Order, and the Order denying the motion to reopen. (1:01-cv-0057, Dkt. No. 50). The case was stayed from 2011 to 2014, pending Appellees' bankruptcy case. (1:01-cv-0057, Dkt. No. 75 at 3). On July 29, 2014, Appellees filed a Motion to Dismiss the case. This Court held that the bankruptcy estate's and Appellees' stipulation of dismissal was automatic; did not require the Magistrate's approval; and could not be appealed because the dismissal Order "was not required by law and had no legal effect." (1:01-cv-0057, Dkt. No. 75 at 4). For these reasons, Appellants' appeal and Appellees' motion to dismiss were dismissed and denied as moot, respectively, and the civil lawsuit was closed on December 8, 2014. (1:01-cv-0057, Dkt. No. 74 at 1).

---

[1] The court enumerated exceptions for certain claimholders that are not relevant to the facts of this case. (3:04-cv-0096, Dkt. No. 38-1 at 13-15; No. 3:04-cv-0100, Dkt. No. 37-1 at 13-15).

In their Motions to Dismiss the instant bankruptcy appeals, Appellees argue that 11 U.S.C. § 1141(d)(1)(A)(i) and their Chapter 11 Plan discharges them from any debt that arose before the Effective Date of the Plan, December 9, 2013. (3:04-cv-0096, Dkt. No. 38 at 5, 7; 3:04-cv-0100, Dkt. No. 37 at 5, 7). Appellees assert that Appellants' District Court case (1:01-cv-0057) constitutes a discharged debt. Specifically, Appellees argue that any claim against them related to the District Court case was discharged and terminated pursuant to Section 10.2 of the Chapter 11 Plan, because such claim existed prior to the effective date of Appellees' Chapter 11 Plan. This is true, according to Appellees, regardless of whether a proof of claim was filed in Appellees' bankruptcy case. (3:04-cv-0096, Dkt. No. 38 at 7; 3:04-cv-0100, Dkt. No. 37 at 7).

In their Oppositions to the Motions to Dismiss, Appellants argue the merits of their appeals. They contend that they did not receive the Bankruptcy Court's Order of June 2, 2004 until June 29, 2004—after the 10-day period the Order provided them to purchase the rights to the civil lawsuit had expired. (3:04-cv-0096, Dkt. No. 39 at 4; 3:03-cv-0100, Dkt. No. 38 at 4). Appellants concede that the Order provided them until Tuesday, June 15, 2004 to purchase the civil lawsuit. They argue, however, that they only received notice of the Order on June 17, 2004, when they saw Appellees' mention of it in one of their pleadings, and they tried to purchase the lawsuit by arranging a meeting with the Chapter 7 Trustee on June 19, 2004. (3:04-cv-0096, Dkt. No. 39 at 4; 3:03-cv-0100, Dkt. No. 38 at 4). Because the time period during which Appellants could purchase the civil lawsuit expired prior to their receipt of notice of their option to do so, Appellants argue that the Bankruptcy Court should have granted their motions for an extension of time to purchase, or their motions for reconsideration thereof, because their failure to act was the result of "excusable neglect." (3:04-cv-0096, Dkt. No. 39 at 4-5; 3:03-cv-0100, Dkt. No. 38 at 4-5) (citing Fed. R. Bankr. P. 9006(b)(1)). In not doing so, Appellants argue that the Bankruptcy Court abused

its discretion, as its decision was based on a "visceral reaction" because it "likely felt that Appellants were fabricating facts." (3:04-cv-0096, Dkt. No. 39 at 2-3; 3:03-cv-0100, Dkt. No. 38 at 2-3).

## II. DISCUSSION

"The District Court of the Virgin Islands has jurisdiction to review the Orders of its Bankruptcy Division pursuant to 28 U.S.C. § 158(a), which includes 'appeals from, *inter alia*, final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy court under 28 U.S.C. § 157.'" *In re Prosser*, No. 3:06-bk-30009, 2018 WL 4289313, *3 (D.V.I. Sept. 7, 2018) (citation omitted).

Under the Bankruptcy Code, a "corporate debtor's discharge in a chapter 11 case is generally all encompassing." *In re Mallinckrodt PLC*, No. 20-12522 (JTD), 2021 WL 2460227, *4 (D. Del. June 16, 2021) (citing 8 Collier on Bankruptcy ¶ 1141.05[1][b] (16th ed. 2021) (internal quotation omitted). As the Third Circuit has stated, "[t]he overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start." *In re Cohn*, 54 F.3d 1108, 1113 (3d. Cir. 1995). In bankruptcies filed under Chapter 11, this purpose is achieved in part by section 1141(d)(1)(A)(i), which provides:

> Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—(A) discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not—(i) a proof of the claim based on such debt is filed or deemed filed [in the bankruptcy case].

11 U.S.C. § 1141(d)(1)(A)(i). Such a discharge "operates as an injunction against the commencement or continuation of an action . . . to collect . . . any such debt . . . ." 11 U.S.C. § 524(a)(2); *Sweeney v. Alcon Lab'ys*, 856 Fed. App'x 371, 374 (3d Cir. 2021) *cert. denied sub nom. Sweeney v. Eastman Kodak Co.,* 142 S. Ct. 565 (2021). Further, as the Third Circuit has noted,

section 1141(d)(1) "creates a default rule for discharging pre-confirmation debts, meaning it applies only when the plan and confirmation order are silent on the issue." *Ellis v. Westinghouse Electric Co., LLC*, 11 F.4th 221, 235 (3d Cir. 2021).

In the instant bankruptcy cases, on June 22, 2004 the Bankruptcy Court entered Orders approving the settlement of the civil lawsuit between National Enterprises and American Airlines, Inc. and Executive Airlines, Inc. (1:01-bk-0014, Dkt. No. 268; 1:01-bk-0019, Dkt. No. 223). The next day, Appellants filed motions for reconsideration of those Orders (1:01-bk-0014, Dkt. 269; 1:01-bk-0019, Dkt. No. 224), which the Bankruptcy Court denied on July 15, 2004 (1:01-bk-0014, Dkt. No. 291; 1:01-bk-0019, Dkt. No. 245). The debtors appeal the Bankruptcy Court's Orders denying their motions for reconsideration.

In essence, Appellants seek to purchase the rights to the civil lawsuit, which under the Bankruptcy Code would be a claim against Appellees. 11 U.S.C. § 101(5) (defining claim as a "right to payment, whether or not such right is reduced to judgment"); *see Boyle v. PMA Med. Specialists, LLC*, 754 Fed. App'x 93, 96 (3d Cir. 2019) (analyzing whether plaintiff's employment discrimination lawsuit was barred by section 1141(d)(1) as a prepetition claim against defendant). Further, Appellants' purported claim arose at some point prior to March 27, 2001, when the civil lawsuit was filed in this Court. However, any such purchase—even if it were possible—would be an act of futility because Appellants would be barred from pursuing its purported claim against Appellees.

Pursuant to section 1141(d)(1) and the Chapter 11 Plan, "upon the Effective Date 'all existing Claims against the Debtors . . . shall be, and shall be deemed to be, discharged and terminated,'" unless otherwise specifically provided therein. (3:04-cv-0096, Dkt. No. 38 at 7; 3:04-cv-0100, Dkt. No. 37 at 7); *see Ellis*, 11 F.4th at 234 ("While typically the estate ends when the

plan is confirmed, the plan can extend the life of the estate to a later date such as the effective date"). In other words, section 1141(d)(1)(A) and the Plan lead to only one conclusion: the civil lawsuit—even if the Court were to assume, *arguendo*, it still exists and that Appellants can purchase the rights to the same—was discharged by Appellees' bankruptcy. *See In re Tribune Media Company*, 902 F.3d 384, 398 (3d Cir. 2018) (holding that the Third Circuit could not transfer or remand plaintiff's hostile work environment and wrongful termination claims to another court to be re-litigated because they were discharged under 11 U.S.C. § 524 and § 1141(d)(1)(A)). Thus, even if the Court were to decide in favor of Appellants on the merits of their appeal and reopen the civil lawsuit, Appellants are forever barred from prosecuting the civil lawsuit because the confirmation of Appellees' Chapter 11 Plan by the Bankruptcy Court for the Southern District of New York discharged Appellees from any debt that arose before the Plan's effective date of December 9, 2013. 11 U.S.C. § 1141(d)(1)(A)(i); *see Ellis*, 11 F.4th at 230 (3d Cir. 2021) (holding that section 1141(d)(1)'s "language regarding the discharge of pre-confirmation claims is a default rule that can be overridden by the plan and confirmation order.").[2]

      Appellants have not presented any argument to the contrary or addressed Appellees' legal argument in any meaningful way. Finding that Appellants' merits argument misses the mark and that Appellees' argument pursuant to section 1141(d)(1)(A) and the Chapter 11 Plan are dispositive of the issue before the Court, the Court will grant Appellees' Motions to Dismiss.

---

[2] Because the alleged debt here arose sometime prior to March 2001, when Appellants filed the civil lawsuit in this Court, it was discharged under section 1141(d)(1)(A) and the Plan.

### III. CONCLUSION

In view of the foregoing, Appellees' Motions to Dismiss these Bankruptcy Appeals (3:04-cv-0096; Dkt. No. 38) and (3:04-cv-0100; Dkt. No. 37) will be granted, and these Bankruptcy Appeals will be closed.

Appropriate Orders accompany this Memorandum Opinion.

Date: January 2, 2022

/s/
WILMA A. LEWIS
District Judge